Dear Mayor Muniz and Ms. Moses-Fields:
You each have requested an Attorney General's opinion regarding the contract between your cities and its public adjuster. You both advised that your cities retained the public adjuster to assist with the preparation and presentation of its property damage claim resulting from Hurricane Katrina. You further advise that the current contracts provide for payment on a time and expense basis.
In rebuilding after Hurricane Katrina, both New Orleans and Kenner have incurred unforeseen expenses. Given the cities' current financial situation, New Orleans and Kenner seek to execute an addendum to its contract with the public adjuster to incorporate a change from an hourly rate to a bracketed fee schedule similar to the following:
 FUNDS RECOVERED FEE
 $0 to $100,000 $10,000
 $100,001 to $200,000 $20,000
 $200,001 to $300,000 $30,000
 $300,001 to $400,000 $40,000
 $400,001 to $500,000 $50,000
 $500,001 to $600,000 $60,000
 $600,001 to $700,000 $70,000
 $700,001 to $800,000 $80,000
 $800,001 to $900,000 $90,000
 $900,001 to $1,000,000 $100,000
 *Page 2 
Specifically, you seek our opinion as to whether La. R.S. 22:1210.103
(formerly La. R.S. 22:1467)[1] prohibits such a bracketed fee schedule. Louisiana Revised Statute 22:12010.103, in pertinent part, reads:
 1210.103. Public adjuster fees
 A. A public adjuster may charge the insured a reasonable fee. A public adjuster shall not solicit for or enter into any contract or arrangement between an insured and a public adjuster which provides for payment of a fee to the public adjuster which is contingent upon, or calculated as a percentage of, the amount of any claim or claims paid to or on behalf of an insured by the insurer and any such contract shall be against public policy and is null and void.
A contingency fee is an amount, whether percentage or otherwise, that is based upon the successful outcome of the matter for which the service is rendered. This office views the proposed fee schedule to be tantamount to a contingency fee because the fee being offered as consideration is directly contingent upon the outcome of the funds recovered. In viewing the chart, it allows the public adjuster to earn a fee of $10,000 if the adjuster recovers up to $100,000, approximately 10%. Likewise, if the adjuster recovers up to $500,000, then the adjuster's fee would amount to $50,000, again $10%. We view the schedule as having a percentage based correlation to the positive outcome of the case, in which, the public adjuster's payment is 10% of the proceeds recovered.
In essence, the proposed fee schedule would require the public adjuster and insured to enter into a contract with the adjuster's fee being contingent upon funds recovered or calculated as a percentage of the amount of the claim. Thus, this contingent-based fee schedule would be repugnant to La. R.S. 22:1210.103, which states that any such contract is against public policy and is null and void.
Additionally, New Orleans, you state in your correspondence that the new law takes effect on June 30, 2007. According to the Louisiana legislature[2], La. R.S. 22:1210.103, which was enacted by Acts 2006 No. 806, was approved and signed by the Governor on June 30, 2006, and became effective August 15, 2006. *Page 3 
We trust the foregoing to be of assistance. Please do not hesitate to contact this office if we can be of help to you or to the Board in the future.
Very truly yours,
CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
BY:__________________________
ANTHONY D. WINTERS
ASSISTANT ATTORNEY GENERAL
CCF, JR:ADW:jv
[1] This section, enacted as R.S. 22:1210.83 by Acts 2006, No. 806, § 1, was redesignated as R.S. 22:1210.103 pursuant to the statutory revision authority of the Louisiana State Law Institute.
[2] http://www.legis.state.la.us/billdata/History